UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW J. ECKSTEIN, | ) | CASE NO. 1:24-cv-219 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| CRAIG ORES, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*Pro se* Plaintiff Andrew Eckstein filed this civil rights action against Ohio Parole Officer Craig Ores, Ohio Adult Parole Authority ("OAPA") Supervisor Brian Houser, and OAPA Richland Unit #5. In the Complaint, Plaintiff asserts that although the judge in his criminal trial ordered his sentence to run concurrent to his sentence for his parole violation sanction, the OAPA refuses to calculate the two sentences as running concurrently. (Doc. No. 1.) He asks this Court to award him monetary damages for the additional time he has served. (*Id.*)

I. **Background**

Plaintiff's Complaint is very brief. He states he was arrested on February 19, 2023 and charged with a misdemeanor. He appeared in a Franklin County Court before Judge Gina Russo on April 20, 2023 for sentencing on the misdemeanor. He claims Judge Russo ordered his sentence to be served concurrent to the sanction imposed by the OAPA for violating the terms of his post release control. He alleges that the OAPA has refused to run the two sentences concurrently. He states that if the Defendants had run the sentences concurrently as Judge Russo ordered, he would have been released on November 15, 2023.

1

## II. Law and Analysis

### A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### B. Analysis

As an initial matter, this is the second case Plaintiff filed against the Defendants contesting the calculation of his sentence and sanction as running consecutively rather than concurrently. He filed his first case on December 7, 2023 seeking both to have his sentence recalculated, and to be awarded damages. *See Eckstein v. Ores*, No. 1:23-cv-02333 (N.D. Ohio Mar. 8, 2024) (Oliver, J.). That case was dismissed on March 8, 2024. *See id.*

Plaintiff filed this case on February 5, 2024 against the same Defendants alleging the same facts. In this case he seeks only monetary damages. This action is dismissed for the same reasons as his first Complaint was dismissed. In order to recover damages in a civil rights action for an alleged unconstitutional imprisonment, a Plaintiff must prove that the conviction or sentence was reversed on direct appeal or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages that calls into question the validity of a conviction or sentence that was not invalidated is not cognizable in a civil rights action. Here, Plaintiff cannot proceed with this claim unless his sentences are first declared to be unlawful or invalid. That determination cannot be made in a civil rights action. It must be made on direct appeal or through a federal habeas corpus action. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff cannot proceed with his claim for damages.

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**III.     Conclusion**

For the reasons above, Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is GRANTED.  Plaintiff's Complaint (Doc. No. 1) is DISMISSED.  Pursuant to 28 U.S.C. § 1915(a)(3), this Court CERTIFIES that an appeal from this judgment could not be taken in good faith.

Date: July 24, 2024

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE